Filed 9/13/22 P. v. Newman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JERRETT WILLIAM NEWMAN,<br><br>Defendant and Appellant. | F083764<br><br>(Super. Ct. No. F21904910)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County. Jonathan M. Skiles, Judge.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Hill, P. J., Snauffer, J. and DeSantos, J.

Appointed counsel for defendant Jerrett William Newman asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## BACKGROUND

On May 31, 2021, a Fowler police officer stopped defendant, who had many prior convictions, because the officer knew defendant did not have a valid driver's license. Defendant was belligerent, and he resisted and struck the officer. Ammunition was found inside the vehicle he was driving.

On June 17, 2021, the Fresno County District Attorney charged defendant with resisting an executive officer (Pen. Code, § 69;[1] count 1), possession of ammunition by a person prohibited from owning a firearm (§ 30305, subd. (a)(1); count 2), misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count 3), and driving a vehicle without a valid license (Veh. Code, § 12500, subd. (a), an infraction; count 4).

On August 20, 2021, defendant pled no contest to count 1 pursuant to a negotiated plea agreement.

Around December 10, 2021, defendant moved to withdraw his plea.[2] On December 10, 2021, the trial court denied the motion to withdraw the plea. The court suspended imposition of sentence and granted defendant probation for two years with 321 days in jail, and awarded that amount of credit for time served.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] The written motion to withdraw the plea could not be located and is not part of the record on appeal, but the grounds of the plea were discussed in court.

2.

On January 5, 2022, defendant filed a notice of appeal. The trial court denied his request for a certificate of probable cause.

## DISCUSSION

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.